UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/22
```

LORENA GARCIA,

        Plaintiffs,

-against-

W SERVICES GROUP LLC., et al.,

        Defendants.

22-CV-1959 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter-motion dated November 2, 2022 (Joint Ltr.) (Dkt. 59), seeking approval of (1) the fully-executed Settlement Agreement between plaintiffs and defendants Cleaning Path Corp. (Cleaning Path) and Cinia Ortega (the Cleaning Path Agreement) (Dkt. 59-1) and (2) the fully-executed Settlement Agreement between plaintiffs and defendant W Services Group LLC (W Services) (the W Services Agreement) (Dkt. 59-2) (collectively, the Agreements) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

    The Agreements require defendants collectively to pay $75,000 to settle the claims of named plaintiff Lorena Garcia and five opt-in plaintiffs,[1] brought under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), with Cleaning Path paying $50,000 and W Services paying $25,000. *See* Joint Ltr. at 2; Cleaning Path Ag. § 2; W Services Ag. § 4. One-third of the total settlement payment, amounting to $25,000, will go to plaintiffs' counsel to cover their attorneys' fees, plus $2,961.52 in costs. Joint Ltr. at 1. Named plaintiff Lorena Garcia will receive a service award of $2,000, consisting of $1,333.33 from Cleaning Path and $666.67 from W Services. Joint Ltr. at 5; Cleaning Path Ag. Ex. A; W Services Ag. Ex. B. The remaining settlement

---

[1] The op-in plaintiffs are Jorgina Garcia, Evodio Mendoza, Maria Madrid, Mauricio Orantes, and Lorena Guzman. *See* Joint Ltr. at 1, fn.1; Dkt. 6; Dkt. 13; Dkt. 14.

funds will be allocated among all plaintiffs based on their relevant dates of employment and approximate work schedules. Cleaning Path will pay $4,141.43 to Lorena Garcia, $15,271.41 to Jorgina Garcia, $2,405.09 to Evodio Mendoza, $4,049.95 to Maria Madrid, $2,727.47 to Mauricio Orantes, and $1,430.30 to Lorena Guzman. Cleaning Path Ag. § 2(a)(i) & Ex. A; Joint Ltr. at 4. W Services will pay $2,070.71 to Lorena Garcia, $7,635.71 to Jorgina Garcia, $1,202.55 to Evodio Mendoza, $2,024.98 to Maria Madrid, $1,363.73 to Mauricio Orantes, and $715.15 to Lorena Guzman. W Services Ag. § 4(a)(i) & Ex. B; Joint Ltr. at 4.

W Services will pay its share of the settlement 30 days after this Order is issued, while Cleaning Path will pay half of its share 30 days after this Order is issued and the remaining half 120 days after this Order is issued. Joint Ltr. at 2; Cleaning Path Ag. § 2(c); W Services Ag. § 4(c). If Cleaning Path fails to make timely payments, a confession of judgment in the amount of $100,000 will be entered against it. Joint Ltr. at 4; Cleaning Path Ag. § 5.

The financial terms of the Agreement were arrived at after informal document discovery and arm's-length bargaining between the parties' experienced employment and labor counsel, assisted by a neutral mediator, and are fair and reasonable. Lead plaintiff Lorena Garcia, who worked as an overnight cleaner for defendants, brought claims under the FLSA and NYLL alleging that she and similarly situated employees were improperly classified as independent contractors; were not paid for all time worked, due to travel time between job locations; were not adequately compensated for overtime hours worked; were not provided proper wage notices and wage statements; and received late payment of wages. *See* Joint Ltr. at 1. The gross settlement payment represents approximately 26% of plaintiffs' maximum potential recovery, calculated by their counsel at $290,151.60 (including ordinary liquidated damages, additional liquidated damages under NYLL § 191, penalties, and interest), while the net recovery for the plaintiffs ($47,038.48)

represents 78% of the unpaid minimum wages and overtime wages they allege they are owed ($60,371.26). *See id.* at 3. The settlement allows all parties to avoid the risks and expenses of proceeding with the litigation, *see id*. at 3-4, including the risk that plaintiffs will recover nothing, or substantially less than sought.[2] Under these circumstances, the Court is satisfied that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

The non-economic terms of the Agreement are also fair. Plaintiffs will release defendants and their affiliates from any and all wage and hour claims, including all claims under the FLSA and NYLL, but no other claims. Cleaning Path Ag. § 3; W Services Ag. § 3. There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiffs' ability to discuss their employment with defendants, this action, or the terms of the settlement.

The proposed attorneys' fee award of $25,000 represents one-third of the gross settlement payment, which is consistent with the contingency agreements that plaintiffs signed, *see* Ortiz Decl. (Dkt. 59-4) ¶ 11 & Att. 1, and represents approximately 93% of counsel's stated lodestar of $26,872.50. *See* Joint Ltr. at 5-6; Ortiz Decl. ¶ 13 & Attachment 2. The expenses claimed amount to $2,961,52, consisting of the $402 filing fee, $593.70 in process server costs, $122.49 in

---

[2] Prior to the mediation, W. Services filed a pre-motion letter (Dkt. 41) outlining its planned motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that it was not the "employer" of any of the plaintiffs. *See* Joint Ltr. at 1. Plaintiffs state that they "believe" their claims against W Services would survive the motion, they acknowledge that W Services has a "stronger than normal" argument on this issue, as it did not pay plaintiffs directly, did not maintain any of their employment records, and did not provide them with supplies. *Id*. at 3-4. Cleaning Path was in a weaker legal position, but after reviewing Cleaning Path's tax returns and bank statements, plaintiffs' counsel concluded that it would be unable to pay "the full judgment," should plaintiffs prevail on all issues, presenting a collection risk. *Id*. at 4.

correspondence costs, and $1,843.33 in mediation fees. Joint Ltr. at 6; Ortiz Decl. ¶ 14. Given the degree of success obtained by counsel in this action, the award is not excessive.

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. It is hereby ORDERED that this action is **DISMISSED** with prejudice and without costs. The Court will retain jurisdiction for enforcement purposes only.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
       November 21, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**